1
2
3
4
5
6
7

8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

11  CHARLES LEWIS BOBO,                          )  Case No.: 1:16-cv-00291 LJO JLT
                                                )
12              Plaintiff,                       )  FINDINGS AND RECOMMENDATIONS
                                                )  GRANTING TO DISMISS WITHOUT PREJUDICE
13       v.                                      )  FOR LACK OF JURISDICTION
                                                )
14  KINGS COUNTY ASSESSOR OFFICE,               )  (Doc. 1)
                                                )
15              Defendant.                       )
                                                )
16  _____ )

17          Plaintiff claims Alice Bobo made a will leaving property to him.  He visited the Assessor's

18  Office in Kings County, where the property is located, and learned that the property had been sold

19  though the Assessor did not have paperwork demonstrating by whom it had been sold.  He seeks an

20  order transferring the property back into the name of Alice Bobo and "100,000,000 million dollars."

21  Because the Court finds there is no subject matter jurisdiction, the Court recommends the matter be

22  **DISMISSED** without prejudice.

23  **I.      Background**

24          Attached to his complaint, Plaintiff provides a copy of a will executed by Alice Bobo.  (Doc. 1

25  at 3-8)  In the will, Ms. Bobo leaves real property to Plaintiff and several others.  Id.at 3.  Apparently, at

26  some point in the past, Plaintiff visited the Kings County Assessor's Office and learned that the

27  property had been sold.  Id. at 1.  The Assessor's office did not have any paperwork related to the sale

28  and, apparently, Plaintiff believes this failure should subject the office to liability.

1

1   **II.      Jurisdiction**

2          The district court is a court of limited jurisdiction, and is empowered only to hear disputes

3   "authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

4   377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The federal courts

5   are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z*

6   *Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

7          A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-

8   matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the obligation of

9   the district court "to be alert to jurisdictional requirements."  *Grupo Dataflux v. Atlas Global Group*,

10  *L.P.*, 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court cannot decide the merits of a

11  case or order any relief.  *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d

12  1376, 1380 (9th Cir. 1988).  The burden of establishing jurisdiction rests upon plaintiff as the party

13  asserting jurisdiction.  *Kokkonen*, 511 U.S. at 377; *see also Hagans v. Lavine*, 415 U.S. 528, 543 (1974)

14  (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,

15  implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within

16  the jurisdiction of the District Court").

17  **III.     Discussion and Analysis**

18          Notably, the complaint does not explain whether Ms. Bobo is still alive or whether the property

19  was sold at a time when she was alive.  In any event, the fact that the Assessor's office did not have

20  paperwork related to the sale is not a constitutional violation.[2]  Even if the Assessor's Office sold the

21  property for past due taxes, the fact that it did not maintain the paperwork related to the sale at most

22  would constitute simple negligence.  Thus, Court concludes that the complaint does not and cannot

23  state a cognizable federal court claim.

24  **IV.      Findings and Recommendations**

25          Based upon the foregoing, the Court **RECOMMENDS**:

26          1.      The action be **DISMISSED** without prejudice for lack of subject matter jurisdiction; and

27

28  _____

[2] Indeed, the Court would presume that such paperwork would have been more likely to have been found at the County's Hall of Records.

2

4.      The Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 14 days after being served** with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 7, 2016**                        **/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE